```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
ALAN M. SPANJER,

                         Plaintiff,         06-CV-6017T

             v.                             DECISION
                                            and ORDER
MICHAEL J. ASTRUE, Commissioner
of Social Security,

                         Defendant.
_____
```

## INTRODUCTION

Defendant, Commissioner of Social Security ("defendant" or "Commissioner") timely filed this Motion to Alter or Amend Judgment, pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)"), to reconsider this Court's Decision and Order granting plaintiff, Alan M. Spanjer's ("Spajner" and/or "plaintiff") motion for judgment on the pleadings. This Court's decision was entered on February 2, 2007 granting plaintiff's motion for judgment on the pleadings finding that plaintiff is eligible for Supplemental Security Benefits ("SSI") under Title XVI of the Social Security Act (the "Act") and denying defendant's motion for judgment on the pleadings.

The plaintiff opposes this motion and argues that this Court's Decision and Order was correct on the facts and the law and should not be disturbed. For the reasons that follow, this Court denies the Commissioner's Motion pursuant to Rule 59(e) since the Commissioner failed to establish that the court overlooked controlling decisions or factual matters justifying the Court to alter or amend its decision.[1]

---

[1] This Court also denies the Commissioner's request pursuant to Rule 62 of the Federal Rules of Civil Procedure seeking a stay of the February 2, 2007 Decision and Order while this motion is pending.

**BACKGROUND**

Plaintiff filed an application for disability insurance benefits on September 13, 2002 claiming disability as of September 14, 1994, due to chronic daily headache pain related to surgery for an arachnoid cyst. (Tr. 70-72, 159) His application was denied without a hearing both initially and upon reconsideration. Thereafter, a hearing was held on March 2, 2004 by the ALJ during which plaintiff and his attorney were present. (Tr. 582-624) On April 26, 2005, the ALJ issued a decision which denied plaintiff's request for benefits. (Tr. 15-23) Thereafter, plaintiff's appeal of the ALJ's decision to the Social Security Appeal's Board was denied. This decision became the final decision of the Commissioner on November 15, 2005 when it was approved by the Appeals Council. (Tr. 4-10, 14)

Plaintiff commenced this action by Complaint filed January 9, 2006. Upon the motions of both parties for judgment on the pleadings and by Decision and Order dated February 2, 2007, this Court granted the plaintiff's motion for judgment on the pleadings, reversed the ALJ's decision and denied the Commissioner's motion for judgment on the pleadings. Familiarity with the February 2, 2007 Decision and Order is presumed. Judgment was entered by the Clerk of the Court on February 2, 2007. Defendant now seeks reconsideration of this Court's February 2, 2007 decision.

**DISCUSSION**

"A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion ... and

which, had they been considered, might have reasonably altered the result before the court." See Herschaft v. New York City Campaign Finance Bd., 139 F.Supp.2d 282, 284 (E.D.N.Y. 2001); Hester Indus., Inc. v. Tyson Foods, Inc., 985 F.Supp. 83 (N.D.N.Y. 1997). Motions to Alter or Amend pursuant to Rule 59(e) "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked …that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). District courts apply this rule strictly to dissuade repetitive arguments on issues that have already been fully considered by the court. Commercial Union Ins. Co. Blue Water Yacht Club Ass'n., 289 F.Supp.2d 337, 340 (E.D.N.Y. 2003).  A motion to reconsider should not be granted where a moving party seeks solely to relitigate an issue already decided. Schrader, 70 F.3d at 257.

     Whether to grant a Rule 59(e) motion is committed to the sound discretion of the district judge and will not be overturned absent an abuse of discretion. See Devlin v. Transp. Communications Int'l. Union, 175 F.3d 121, 132 (2d Cir. 1999); McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Thus, the party moving for reconsideration bears the burden of demonstrating that the court overlooked controlling decisions or factual matters that were presented in the underlying motion.

     Here, defendant argues that a medically determinable impairment is a prerequisite to a finding of disability and as argued in the Commissioner's initial brief, although Spanjer alleged headaches, neither tests nor surgery established a physiological explanation for plaintiff's alleged symptoms. The Commissioner notes that in the Court's decision,

the plaintiff conceded that no medical professional had been able to diagnose the cause of his complaints of pain. See Opinion and Order at 9. Further, the Commissioner argues that the Court, relying on Marcus v. Califano, 615 F.2f 23, 27 (2d Cir. 1979), incorrectly found that plaintiff's complaint's of subjective pain could serve as the basis for establishing disability, even if such pain was unaccompanied by positive clinical findings or other objective evidence. See Order and Opinion at 8. Accordingly, the Commissioner requests the this Court reconsider the evidence in this case in light of the proper legal standards set forth by the Act, the Regulations and Second Circuit law and find that the Commissioner's decision that plaintiff is not disabled under the Act because he had no medically determinable impairment is supported by substantial evidence.

The Commissioner has not alleged the availability of new evidence nor an intervening change in the law, which would support a motion to amend or alter a judgment. The record shows that while plaintiff concedes that no medical professional has been able to diagnose the cause of his complaints of pain, it is equally compelling to note that not one of the doctors that plaintiff sought treatment from or who reviewed his medical records found that plaintiff was malingering or that his pain was not real or exaggerated. See Valle v. Califano, 1979 U.S. Dist. Lexis 13414 at *7-8 (S.D.N.Y. 1979). Notably, in the Valle case, the Court held that the failure of clinical tests to reveal abnormalities to support claimant's symptomology does not necessarily bar her claims. The court noted that the issue is whether the claimant is disabled by her pain, not whether its causes can be identified with medical certainty.

Id. The Valle case is virtually identical to the present case. The record here presents overwhelming evidence of the plaintiff's efforts to find relief for the continuous headache pain. The medical records demonstrate the plaintiff has sought treatment from multiple neurological experts in an effort to get an accurate diagnosis and obtain relief from his chronic headache pain.[2]. Accordingly, this Court relied on evidence in the record and held that the ALJ's decision was not based on substantial evidence. See 42 U.S.C. § 405(g). Thus, the Commissioner's motion pursuant to FRCP 59(e) seeking to alter or amend the February 2, 2007 Decision and Order of this Court is denied.

## **CONCLUSION**

Defendant's request that this Court alter or amend its Decision and Order of February 2, 2007 is denied in accordance with this decision.


ALL OF THE ABOVE IS SO ORDERED.


                                        s/Michael A. Telesca
                                          MICHAEL A. TELESCA
                                 United States District Judge


Dated:   Rochester, New York
        April 3, 2007

---

[2] In a report dated October 8, 2002, Dr. Goldman indicated that in the time he had seen plaintiff from August 24, 1994 to January 29, 2001, plaintiff complained of daily pain lasting for two to three hours even after surgery. (Tr. 184-86). On two occasions plaintiff sought opinions from medical specialists out of state when he had exhausted local medical sources. Further, plaintiff has undergone three surgeries and has had eight CT scans.